WESTINGHOUSE ELECTRIC & MFG. CO. v. ELECTRIC APPLIANCE CO.

(Circuit Court, N. D. Illinois, N. D.   March 26, 1904.)

No. 27,066.

1. PATENTS—VALIDITY AND INFRINGEMENT—ELECTRIC MOTORS.

The Tesla patents, Nos. 511,559 and 511,560, the former for a method and the latter for a means of operating electric motors, *held* valid on a motion for a preliminary injunction, as against the defense of anticipation by the Ferraris publication in Milan April 22, 1888, and also infringed.

In Equity. Suit for infringement of letters patent Nos. 511,559 and 511,560, for electrical transmission of power and an electric motor, granted to Nikola Tesla December 26, 1893. On motion for preliminary injunction.

Rector & Hibben, for complainant.
Charles A. Brown, for defendant.

KOHLSAAT, District Judge. This cause comes now on to be heard upon complainant's motion for an injunction pendente lite restraining

defendant from infringing letters patent Nos. 511,559 and 511,560. The inventions relate to the operation of rotating field motors upon a single alternating current circuit, under what is known as the Tesla split-phase system, applied in the present case to the operation of electric motors. The former patent covers the method of operating the motors, while the latter covers the means for so doing. The inventions may be said to consist in splitting the current, at the motor, into two or more branches, constituting the independent circuits of the motor, and producing by artificial means the difference of phase necessary to operate the motor. The drawings of the patents seem to call for an armature in the form of a cylinder.

The defendant's armature consists of a disc. The specification and claims, however, of the patents in suit, are not limited to details of form, but call broadly for "an armature within the influence" of the energizing circuits. I am of the opinion that defendant's device is fairly embraced within the terms of the patents in suit. Both are operated under the principles of Tesla's patent of May 1, 1888, the invention of which was the production, by means of a series of stationary magnet poles, energized by alternating currents of different phase, of an effect upon an armature, mounted within the influence of such poles, similar to that which would be produced upon the same armature by rotating around it bodily the pole or poles of a physical magnet. The equivalency of the two is shown in Guttman patent, No. 614,225, under which defendant's device is manufactured. The difference in the location and application of the magnetic influence is equalized and compensated by a corresponding difference in the angles of the slots in the cylinder or disc. The principle of the rotary impulse and progression is the same. The question is satisfactorily settled for the purposes of this motion by the respective decisions in the suits brought by complainant herein against Roberts, decided by Judge Archbald, of the Eastern District of Pennsylvania, September 10, 1903 (125 Fed. 6), and same against Mutual Life Ins. Co. et al., decided by Judge Hazel, of the Western District of New York, February 4, 1904 (129 Fed. 213). I deem the question of infringement duly established. From the record it appears that the validity of the patents in suit is assailed principally upon the Bailey and Ferraris publications, set out. The former was practically eliminated from this case by the decision of Judge Townsend, of the Second Circuit, in the original suit upon Tesla's fundamental patents, Nos. 381,968, 382,279, and 382,280, entitled Westinghouse Electric & Mfg. Co. v. New England Granite Co., 103 Fed. 951, which ruling was affirmed on appeal (110 Fed. 753, 49 C. C. A. 151), and again by Judge Archbald in the Roberts Case, supra. In the case of this complainant against The Catskill Illuminating & Power Co., 121 Fed. 831, 58 C. C. A. 167, the Court of Appeals for the Second Circuit reversed the decision of Judge Lacombe (110 Fed. 377), largely upon the ground that it did not appear from the record that Tesla's said inventions were not anticipated or described in the paper read by Prof. Ferraris before the Royal Academy of Sciences of Turin, Italy, on March 18, 1888, and published, in part, in an electrical journal issued at

Milan on April 22, 1888. This ruling was followed by Judge Colt, of the First Circuit, in the case of complainants herein against Stanley Instrument Co., 129 Fed. 140. In the Cases of Roberts and Mutual Life Insurance Co. of New York, supra, as herein, this difficulty was overcome. The records in those cases, together with certain original proofs herein, corroborative thereof, are now before the court, from which I am satisfied that Tesla's inventions in suit antedated the Ferraris article, and were original with him, and that the said patents are valid. It therefore becomes unnecessary to pass upon the other questions raised by complainant.

The patents being found valid for the purposes of this motion, and also infringed, it follows that the preliminary injunction should be granted. Complainant's counsel may prepare an order in compliance herewith.